**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON**

**CIVIL ACTION NO. 09-CV-168-WOB**

**ALI ALADIMI**                                                       **PLAINTIFF**

**VS:**                           **MEMORANDUM OPINION AND ORDER**

**GRANT COUNTY DETENTION CENTER, ET AL.**                     **DEFENDANTS**

Plaintiff Ali Aladimi has filed a civil rights action in which he asserts several claims under 42 U.S.C. § 1983. Although Aladimi is not in custody, he challenges various aspects of his prior confinement at the Grant County Detention Center ("GCDC") between May of 2007 and November of 2007. Aladimi has named the GCDC and unidentified "John Doe" employees of the GCDC as the defendants to this action. Aladimi has paid the $350.00 filing fee.

The Court may screen non-prisoner, fee-paid *pro se* complaints under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). *Apple v. Glenn*, however, permits a district court to dismiss, of its own accord, a fee-paid complaint filed by a non-prisoner if it appears the allegations lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480. The Court must be satisfied of its own jurisdiction to hear the claims presented and may address the lack of jurisdiction at any time during the course of an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

For the reasons set forth herein, Aladimi's claims will be dismissed, with prejudice, because they are barred by Kentucky's one-year statute of limitations.

## ALLEGATIONS OF THE COMPLAINT

Aladimi, who describes himself as a Muslim and of Middle-Eastern origin, states that he was confined in the GCDC on two different occasions.  The first period of confinement was between December 2003 and January 2006.  The second period of confinement was between May 2007 and November 2007.  On November 9, 2007, the United States Marshal's Service removed Aladimi from the GCDC.

The events about which Aladimi complains allegedly occurred during his latter period of confinement at the GCDC (between May of 2007 and November of 2007).  R. 2, p. 10.  Aladimi alleges that the defendants took the following adverse actions against him:

(1) discriminated against him during his incarceration on the basis of his religious persuasion, in violation of his rights guaranteed under the First Amendment of the United States Constitution;

(2)  subjected him to cruel and unusual punishment by denying him medications, in violation of the Eighth Amendment of the United States Constitution;

(3)  embarrassed him by posting his name on a list as an indigent prisoner who could not afford to buy medication at the commissary;

(4)  wrongfully disciplined him and retaliated against him  for opening a cell door on October 31, 2007; sanctioned him with a 24-hour lockdown in his cell with only a mattress and a blanket in violation of the due process provisions of the Fourteenth Amendment of the United States Constitution; and deprived him of sheets, toilet paper, towels, toothpaste, soap, and the Quran in violation of the Eighth Amendment of the United States Constitution, and

(5)  confined him in "medical isolation" in November of 2007, for an unspecified

period of time; provided him with only a mattress and a blanket; and deprived him of all personal belongings in violation of the Eighth Amendment of the United States Constitution.

Aladimi alleges that, throughout his detention at the GCDC, he attempted to obtain not only the full names of the defendants but also "certain documents relating to my grievances," but that despite his efforts, "all subsequent attempts unfortunately failed." R. 2, p. 4.  He then explained that GCDC officials "obtained many letters from me, but chose to ignore my request as they did before, and acted in bad faith to circumvent my plan to sue GCDC and made it difficult for me to obtain all necessary documents." *Id*.

When asked in the complaint form about his efforts to administratively exhaust his claims, Aladimi responded that "GCDC normally refused to give me a grievance form as non-grievable issues, I send my grievances home for them to be faxed directly to GCDC." *R. 2, p. 13*, ¶ (C)(4)(a).  When asked in the complaint form what the result was, Aladimi responded "GCDC either deny [sic] it or do not address it." *Id*. at ¶ (C)(4)(b).

Aladimi made another reference to his attempt to administratively exhaust his claims.  He stated in the typewritten supplemental portion of  his complaint that he filed a grievance concerning the alleged denial of medication by the GCDC nurse, but that she had denied him medications and his request to see a doctor "for my back pain that I had been complaining about since I was at GCDC the first time. . . ."  R. 2, p. 7.  Aladimi further acknowledged that he had in fact filed a grievance on that specific issue, stating:  "**In response to my grievances**, the nurse indicated something while she lodged something else in records, until I found out that the entries are completely different."  *Id*. (emphasis added).

Aladimi then refers to a certified letter that he claims to have sent to the Clerk of this Court on October 20, 2008.  R. 2, p. 9.  In that letter, he sought legal advice from the Clerk's

Office as to whether the statute of limitations had run, or if he was entitled to any extension of the statute of limitations.  *Id*.  Additionally, Aladimi claimed in that letter that he had written prior letters to the Clerk's Office inquiring whether the statute of limitations had run, but that none of the prior letters had been answered.  Contrary to Aladimi's statement, no copies of any prior letters were attached to the October 20, 2008 letter.  *Id*.

Aladimi did not file the instant § 1983 complaint until October 5, 2009.  In his complaint, Aladimi alleged that the Clerk's Office never responded to his October 20, 2008 letter.  He argued that the statute of limitations should not be applied to bar his claims, stating that:  "All my good faith efforts have been met by a bad faith attempt to circumvent my intention, and they succeeded.  This court shouldn't reward their attempt to further deny my civil rights, only on the basis of statute of limitations."  R. 2, p. 5.

## DISCUSSION

A complaint may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Claims barred by the statute of limitations are frivolous.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The time limitation for bringing a § 1983 action is governed by the limitations period for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Kentucky Revised Statutes § 413.140(1).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Federal law establishes that the statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the

4

complaint. *Ruff v. Runyon*, 258 F.3d 498, 500-01(6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

In this case, the actions about which Aladimi complained occurred, at the latest, in early November of 2007. Thus, to be deemed timely filed, Aladimi would have had to file suit on those claims no later than early November of 2008. Aladimi did not, however, file suit on those claims until almost two years later, on October 5, 2009. While Aladimi's explanation of when he filed his various grievances; what the grievances concerned; and what the responses were, are vague and ambiguous, his purported October 20, 2008 letter to the Clerk of this Court makes one thing clear: by that date (October 20, 2008), Aladimi was aware that an applicable statute of limitations might preclude his claims. The question is whether the one-year statute of limitations should be equitably tolled to permit the claims to proceed.

The doctrine of equitable tolling is applicable "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control," and the federal courts are to use the doctrine sparingly. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000)). Equitable tolling may be appropriate:

> in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. However, we have generally been much less forgiving where the claimant failed to exercise due diligence in preserving his legal rights.

*Id*. (internal citations, quotations, and alterations omitted).

The Sixth Circuit has identified five factors to consider when determining whether to toll an applicable statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4)

absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining

ignorant of the particular legal requirement.  *Id*. at 643 (citing *Andrews v. Orr*, 851 F.2d 146, 151

(6th Cir. 1988)).  This list is not exhaustive, and the "propriety of equitable tolling must

necessarily be determined on a case-by-case basis."  *Truitt v. County of Wayne*, 148 F.3d 644,

648 (6th Cir. 1998).

Here, Aladimi was undoubtedly aware of the commission of the alleged constitutional

violations because he admitted in two passages of his complaint that he filed grievances about

the events raised in the complaint, specifically the alleged denial of medication by the GCDC

nurse.  Aladimi's admissions that he filed grievances about his treatment at the GCDC

substantiate that he knew that his various constitutional rights may have been violated between

May of 2007 and November of 2007.  Furthermore, Aladimi admitted in his complaint that he

had made numerous prior attempts to obtain information from the GCDC about his claims, the

identity of the defendants, and the grievances he filed.  However, Aladimi did not file this action

until October 5, 2009, almost two years after the last complained-of event.

Aladimi apparently relies on his October 20, 2008 letter as a basis for arguing that he

undertook "due diligence" in ascertaining his legal rights and attempted to educate himself about

whether the statute of limitations had run.  Aladimi further claims that "early this year [2009]

upon my release from prison after serving only nine months, I called this court.  The court

acknowledged the receipt of my letters and advised me to seek a civil rights attorney."[1]  R. 2, p.

4.  Aladimi's argument on this front fail for two reasons.

---

[1]Aladimi explained that, after the phone call to the unidentified employee of this Court, he
undertook an "exhaustive search" to locate Mr. Tom Subacco, a Toledo, Ohio, civil rights attorney.
Aladimi stated that "Unfortunately, Mr. Subacco wouldn't discuss anything with me." R. 2, p.4.

First, the Clerk's Office has no record of having received the October 20, 2008 letter which Aladimi claims that he sent by certified mail.[2]  The Clerk's Office retains, in the ordinary course of business, all written requests and correspondence, not related to specific litigation, in a "Miscellaneous File" for future reference.  The Clerk's Office has searched its "Miscellaneous File" correspondence records in all of its divisional offices for the three months of October of 2008 through December of 2008.  The Clerk's Office has no record of having received the October 20, 2008 letter attached to Aladimi's complaint.  Lacking any record of receipt of the alleged October 20, 2008 letter from Aladimi, the Court questions his assertion that a Court employee acknowledged to him, in a 2009 phone call, the receipt of the October 20, 2008 letter.

The Clerk's Office did locate in its "Miscellaneous File" a letter from Aladimi dated March 18, 2008, in which Aladimi requested forms for filing a civil action.  The letter contains a notation indicating that on March 21, 2008 the docketing clerk responded to Aladimi's letter by sending him three copies of the requested complaint and *in forma pauperis* forms.  Aladimi, however, did not file this action for more than eighteen months after the clerk sent him the requested forms.  The March 18, 2008 letter is the extent of the Court's records of pre-litigation contact with Aladimi.  The Court will instruct the Clerk's Office to file Aladimi's March 18, 2008 letter in the record of this proceeding.

Second, Aladimi is not entitled to equitable tolling of the statute of limitations due to a lack of academic and legal education, or lack of knowledge of the law.  *Turner v. Smith*, 70 F. Supp. 2d 785, 787 (E. D. Mich. 1999).  Simply put, ignorance of the law alone is not sufficient to invoke equitable tolling.  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

---

[2]Aladimi did not attach a return receipt from the postal service, which presumably would have verified that the Clerk's Office received the October 20, 2008 letter.

Furthermore, Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions. *See Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002). Neither the Court, nor its administrative staff, are empowered either to dispense legal advice to parties, or to practice their case on their behalf. *See Geller v. Washtenaw County*, No. 04-72947, 2006 WL 2946672, at * 2 (E. D. Mich. Oct. 16, 2006) ("The Court will not dispense legal advice to Plaintiff on how to plead his suit against municipalities, state entities, or state officials."); *Gidney v. Fifth Dist. Court of Appeals of Texas at Dallas*, No. 06-00111, 2006 WL 2088178, at *3 (N. D. Tex. July 27, 2006) ("As for petitioner's request for legal advice concerning respondent's May 22, 2006 ruling, the Court does not dispense legal advice in response to inquiries to the Court; it instead issues rulings on motions and pleadings properly before it.").

Aladimi may have called the Clerk's Office in early 2009. The Clerk's Office does not maintain phone logs listing to whom employees speak; the substance of phone calls; or the date on which calls are received. However, docketing clerks are prohibited from rendering legal advice to would-be litigants and are under strict instructions to inform litigants, or would-be litigants, to obtain counsel if they have legal questions of any kind. Therefore, Aladimi can not rely on his October 20, 2008 letter as a basis to toll the statute of limitations, as neither the Court nor the Clerk's Office is authorized to render preliminary or advisory legal opinions to Aladimi.

Based on these facts, Aladimi has not demonstrated a basis for tolling the one-year statute of limitations under the criteria set forth in *Graham-Humphreys*. As for the first and second factors of the equitable tolling analysis, Aladimi lacked neither actual nor constructive notice of a statute of limitations filing requirement as evidenced by his purported letter of October 20, 2008.

As for the third factor of the equitable tolling analysis, Aladimi failed to diligently pursue his claims after he became aware of them.  As early as March 18, 2008, Aladimi was seeking forms for filing a § 1983 complaint, which the docketing clerk sent to him on March 21, 2008.  Thus, Aladimi was aware, at least on March 18, 2008, that his constitutional rights may have been violated.  Yet, Aladimi filed the form complaint on October 5, 2009, eighteen months after the clerk sent him the forms and eleven months after the statute of limitations had run.

In addition, even if the Court were willing to ignore the fact that the Clerk's Office has no record of having received Aladimi's October 20, 2008 letter, (which it is not) the purported letter reveals that as of October 20, 2008, Aladimi was aware that a statute of limitations might bar some or all of his § 1983 claims.  Aladimi was, therefore, clearly on notice as to all relevant aspects of his claims and should have diligently pursued his claims against the GCDC and named John Doe Defendants.

*Easterly v. Budd*, No. 06-00186, 2006 WL 2404143 (N.D. Ohio Aug. 18, 2006)  provides solid authority for rejecting Aladimi's argument that the one-year statute of limitations should be equitably tolled in his favor.  In *Easterly*, the plaintiff was aware that he was injured on December 28, 2001 and that his injury was caused by several of the defendants whom he knew to be employees of the Mahoning County Sheriff's Department.  *Id.* at *11.  The plaintiff, like Aladimi, filed an internal grievance predicated on his awareness of those claims, but still failed to file suit within the limitations period.  *Id.* at *13.  In refusing to apply the doctrine of equitable estoppel/fraudulent concealment, the district court distinguished Easterly's claims from other cases such as *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995), and *Pearl v. The City of Long Beach*, 296 F.3d 76, 86-87 (2d Cir. 2002), wherein the plaintiffs had been unaware, until

long after the fact, that they had sustained personal injuries due to the defendants' concealment

of facts and other fraudulent actions.

Unlike the plaintiffs in *Piotrowski* and *Pearl*, the district court concluded that Easterly

"knew the identity of the perpetrators, the employer of the perpetrators, and that he suffered an

injury.  Under Ohio law, therefore, the Plaintiff  'had all of the facts necessary to investigate and

prosecute his potential causes of action.'"  *Id*. at *14 (citation omitted).  The Court determined

that Ohio's statute of limitations barred Easterly's § 1983 claims and dismissed the complaint.

*Id*. at *16.  *See also Howard v. Rea*, 111 F. App'x 419, 421 (6th Cir. 2004) (statute of limitations

on prisoner's § 1983 claims was not equitably tolled, where prisoner had notice that his

constitutional rights may have been violated on the grounds raised in his complaint, as was

evidenced by his filing administrative grievances).

The analysis in *Easterly* clearly applies to Aladimi: he "knew the identity of the

perpetrators, the employer of the perpetrators, and that he suffered an injury.  Under [Kentucky]

law, therefore, the Plaintiff 'had all of the facts necessary to investigate and prosecute his

potential causes of action.'"  *Easterly*, 2006 WL 2404143, at *14.

It is unnecessary to consider the fourth factor of the equitable tolling analysis, whether

the defendants were prejudiced by the delay in filing.  The Supreme Court has held that

"[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine

of equitable tolling should apply once a factor that might justify such tolling is identified, it is

not an independent basis for invoking the doctrine and sanctioning deviations from established

procedures."  *Baldwin County Welcome Cntr. v. Brown*, 466 U.S. 147, 152 (1984); *Jurado*, 337

F.3d at 644; *Andrews*, 851 F.2d at 151; *Stratienko v. Chattanooga-Hamilton County Hosp. Auth*.,

No. 07-00258, 2009 WL 736007, at *7 n.5 (E.D. Tenn. March 17, 2009)) (district court declined

to examine prejudice to defendant in the absence of any other factor which justified the tolling of the statute of limitations).  The Court has found no independent basis for invoking the doctrine of equitable tolling and, therefore, declines to consider the fourth factor.

Finally, as to the fifth factor of the equitable tolling analysis, Aladimi has not demonstrated that his ignorance of the applicable statute of limitations was reasonable. Aladimi's reliance on his October 20, 2008 letter to the Clerk of this Court, seeking legal advice as to statute of limitations issues, does not aid his effort to toll the one-year statute of limitations. As explained, Aladimi was not entitled to receive preliminary, pre-litigation advisory advice from either the Court or the Clerk's Office either as to legal principles or procedural issues.  It was incumbent on Aladimi to protect and pursue his own legal interests, whether he was proceeding *pro se* or whether he decided to engage counsel.

Applying the legal criteria to the facts of this case, equitable tolling of the statute of limitations is not warranted.  Aladimi's failure to prosecute his 2007 claims was the result of either his neglect on his decision not to file suit within the prescribed time, not the intentional prevention on the part of either the defendants or this Court.  Equitable tolling is not warranted either in the case of excusable neglect,  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), or when there has been a mistake in interpreting a statutory provision, *Spencer v. White*, 265 F. Supp. 2d 813, 818 (E. D. Mich. 2003).  In summary, the Court is unable to conclude that Aladimi's "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [his] control."  *Jurado*, 337 F.3d at 643.

This Court may dismiss a complaint as time-barred where it is obvious from the face of the complaint that the statute of limitations has run.  *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true,

show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is

barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to

state a claim . . . .").  *See also Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (district

court may *sua sponte* dismiss a complaint as time-barred when the defect is obvious).

The obvious statute of limitations bar renders Aladimi's complaint patently insubstantial

and therefore, subject to dismissal.  Fed. R. Civ. P. 12(b)(1); *Apple*, 183 F.3d at 480; *Health Cost

Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) (court should dismiss claims that are "so

attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, or

obviously frivolous" for lack of jurisdiction pursuant to Federal Rule of Civil Procedure

12(b)(1)).

One final issue remains for consideration.  Aladimi argues that this case should proceed

because he has filed another civil suit in an Ohio federal court, being *Aladimi v. Hamilton

County Justice Center*, No. 09-cv-398 (S. D. Ohio), and the defendants in that action have been

directed to respond to the complaint.[3]  However, unlike the applicable one-year statute of

limitations in Kentucky, Ohio Rev. Code § 2305.10 provides for a two-year statute of limitations

applicable to civil rights claims asserted under § 1983 and *Bivens v. Six Unknown Named Agents

of the Fed. Bureau of Investigation*, 403 U.S. 388 (1971).  *See McNamara v. City of Rittman*, 473

F.3d 633, 637 (6th Cir. 2007); *see also Ruff v. Runyon*, 258 F.3d at 500.

In Aladimi's Ohio proceeding, unlike the case before this Court, many of Aladimi's

claims appear to have fallen within Ohio's two-year statute of limitations, thus surviving *sua*

---

[3]

In the Ohio complaint, just as in the instant complaint, Aladimi alleged that employees of the Hamilton County Jail discriminated against him on the basis of his Muslim religion and attempted to restrict or prevent his access to religious services.  Aladimi named the Hamilton County Justice Center and "John Does" as the defendants.

*sponte* dismissal on initial screening.  In the instant proceeding, it is clear from the face of the complaint that all of Aladimi's claims are time-barred.  The instant § 1983 complaint will therefore be dismissed, with prejudice.

<b>CONCLUSION</b>

The Court being sufficiently advised, it is **ORDERED** as follows:

1.       The Clerk of this Court is instructed to file Ali Aladimi's March 18, 2008 letter requesting forms, currently maintained in the "Miscellaneous File" of the Clerk's Office, in the record of this proceeding, and to note delivery of this docket entry to Aladimi.

2.       Aladimi's complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

3.       This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 27th day of January, 2010.



Signed By:

**_William O. Bertelsman_**  *WOB*

**United States District Judge**